**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CALVIN R. PETERSEN,

     Plaintiff - Appellant,

v.

METLIFE LONG TERM CARE
INSURANCE; THE ENSIGN GROUP;
STATE OF UTAH,

     Defendants - Appellees.

No. 20-4067
(D.C. No. 1:19-CV-00129-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff-Appellant Calvin R. Petersen, proceeding pro se, appeals the district

court's dismissal of his claims under 42 U.S.C. § 1983 for failure to prosecute and

effect service. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

dismissal of Petersen's claims.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

On November 13, 2019, Petersen filed a § 1983 complaint against Defendants MetLife Long Term Care Insurance, The Ensign Group, and the State of Utah. Petersen alleged that the defendants were violating the Fourteenth Amendment and the Americans with Disabilities Act (ADA) by institutionalizing the disabled without establishing medical need and by refusing to provide benefits for home care or less restrictive alternatives to institutionalization.

After filing his complaint, Petersen filed four motions to appoint counsel and two motions for service of process. The magistrate judge denied Petersen's motions for appointment of counsel and his motions for service of process.[1] But in light of Petersen's disability and his status as a pro se litigant, the magistrate judge extended service requirements beyond the ninety-day time period, *see* Fed. R. Civ. P. 4(m), giving Petersen until April 15, 2020 to effect service. On March 25, 2020, the magistrate judge issued an order advising Petersen that a failure to effect service by that date would result in a recommendation of dismissal to the district court. Petersen, however, failed to effect service by the April 15, 2020 deadline, and instead filed another motion to appoint counsel and another motion for service of process, both of which were identical to his previously filed motions. Accordingly, the magistrate judge recommended the action be dismissed without prejudice for failure to prosecute and effect service on the defendants.

---

[1] In denying Petersen's motions, the magistrate judge identified free or low-cost organizations for Petersen to contact to obtain legal representation.

Petersen timely filed objections to the magistrate judge's recommendation. The district court overruled Petersen's objections, adopted the magistrate judge's recommendation, and dismissed the action without prejudice. Petersen timely appealed.

## II

We review for an abuse of discretion an order dismissing an action for failure to prosecute and effect service. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. *McEwen v. City of Norman*, 926 F.2d 1539, 1554 (10th Cir. 1991). Applying this deferential standard, we affirm the district court's dismissal order.

On appeal, Petersen describes his disability and rehashes the grievances in his complaint. Specifically, he argues that he has "no need to be in nursing care" and that he "could have easily remained at home by contracting for the necessary services from a home-health agency." Aplt. Br. at 2–3. He also states that he pays "out-of-pocket some $2500 a month because [his] policy maxes out . . . below the cost of a skilled-nursing facility," which he argues violates the ADA and the Fourteenth Amendment. *Id.* at 3.

The district court, however, did not address the merits of Petersen's claims; rather, it dismissed the action based on Petersen's failure to prosecute and effect service. Having reviewed the entire record on appeal, we cannot say that the district court's dismissal was an abuse of discretion. The magistrate judge, considering

3

Petersen's disability and pro se status, extended service requirements approximately two months beyond the ninety-day period. *See* Fed. R. Civ. P. 4(m). Despite this extension, Petersen failed to effect service. And while we are cognizant of the difficulties Petersen faced as a pro se litigant, including, as he points out, his unfamiliarity with PACER, the magistrate judge independently advised Petersen as to the status of his case; advised him to complete the pro se email filing and notification form; and identified numerous free or low-cost organizations for him to contact to obtain legal representation. Under these circumstances, the district court did not abuse its discretion in dismissing Petersen's complaint for failure to prosecute and effect service.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4